*271 Opinion op the Court,
by Judge Owsley.
THIS was an action of debt, brought by the Bank against McGowan and Stockton, upon their endorse-of ment on a note which was executed to them by John A. Turner, negotiable and payable in the Lexington branch, and which was endorsed in the name of the firm of McGowan and Stockton, to the bank.
McGowan and Stockton pleaded jointly nil debit, and McGowan pleaded separately non est factum, to the endorsement.
A trial was had upon both issues, and under tions which were given by the court to the jury, a diet was found for the bank. McGowan and Stockton then moved the court for a new trial, but the motion was overruled, and judgment rendered for the bank.
Prior, however, to this verdict and judgment, and before the plea of McGowan denying the endorsement was put in, a trial was had upon the plea, of nil debit, and in consequence of an opinion which the court gave to the jury, the bank suffered a nonsuit. But upon further reflection the court changed its opinion, and a subsequent day of the same term, an order was made setting aside the nonsuit, and reinstating the cause *272 upon the docket, without requiring the bank to pay costs.
The maker of the note failing to make payment, the endorsers cannot be made liable, unless they have due notice.
Proof that a puiTLto^he post-office at the town where the counted, without sbowing^to^ addressedWor whether it was directed in which they reside, is insufficient to charge them.
The propriety of setting aside the nonsuit without the payment of costs, is first questioned by the assignment of errors.
The opinion which the court gave to the jury, was undoubtedly incorrect. By that opinion the jury were instructed, that to enable the bank to recover, evidence of the hand-writing of the endorsers must be produced, contrary to the decision of this court in the case of Dodge &c. vs. The Bank of Kentucky, 2 Marsh. 610.
Having erred, therefore, in its instructions to the jury, it was perfectly correct for the court, during the same term, to relieve the bank against the effect of that error, by setting aside the nonsuit without requiring the payment of costs.
The assignment of errors also questions the correctness of the instructions which the court gave on the last trial.
Those instructions relate to the issue taken to the plea of McGowan, which denies the endorsement, and according to our understanding of the bill of exceptions, the instructions are fully supported by the decision in the case of the Bank of Kentucky vs. Brooking and Clark, 2 Litt. Rep. 41. In that case, as in this, the note was endorsed by one only of two partners in the name ot the firm, and in both cases the notes were discounted by the bank upon the credit of the endorsers, and the money advanced by the bank to the makers of the notes, Tn that case, the endorsement by one of the partners in the name of the firm, was decided to be binding upon k°th °f the partners, and in this case we understand the instructions of the court not to go further. The instructions are somewhat ambiguously expressed; but we un(jerstand them in substance to import a decision that the endorsement which was made in the name of the firm, by Stockton, one of the company of McGowan and Stockton, who are proved to be partners in trade, is binding upon both of the partners, and makes them liable to the bank without proof of the particular terms of their co-partnership.
It is also assigned for error, that the court erred in not awarding a new trial.
Upon the failure of the maker of the note to make payment, it was undoubtedly incumbent upon the bank *273 in doe and proper time to notify the endorsers thereof, if it intended to look to them for payment. This they might have done, either by putting into the post-office at Lexington, in due time, a notice addressed to the endorsers, in the county of their residence, or by delivering notice to them through any other channel in proper time. But after the most careful examination of the evidence contained in the record, we are totally unable to discover the evidence from which the jury could have inferred the fact of notice having been given to the endorsers in either way. It is true, we are told that a notice was put into the post-office at Lexington in proper time; but we are not told to whom it was addressed, nor are we informed whether it was sent to the county in which the endorsers resided.
Evidence of this sort is clearly insufficient to authorize; the finding of a verdict against the endorsers, and upon the ground of the verdict being against evidence, a new trial ought to have been awarded by the court below.
Judgment reversed with costs, the cause remanded to the court below, and a new trial there awarded, and further proceedings had, not inconsistent with this opinion.